**UNITED STATES of America, Appellee,**

v.

**Irving Peter CLOWN, Appellant.**

**No. 90–5216.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1990.

Decided Feb. 15, 1991.

Al Arendt, Pierre, S.D., for appellant.

David Zuercher, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

Defendant Irving Peter Clown appeals from the district court's[1] judgment and sentence under the federal Sentencing Guidelines. Defendant was charged in a three count indictment with aggravated sexual abuse, 18 U.S.C. § 2241, sexual abuse, 18 U.S.C. § 2242, and incest, 18 U.S.C. § 1153 & South Dakota Codified Laws § 22–22–1(6). Defendant pled guilty to incest and was sentenced under the federal Sentencing Guidelines to 60 months imprisonment. On appeal, defendant contends the district court erred in applying federal Sentencing Guideline § 2A3.1, criminal sexual abuse, as the most analogous offense guideline under the circumstances of this case. We affirm the district court's findings of fact and application of the guidelines.

### I.

Defendant is an enrolled member of the Cheyenne River Sioux Tribe. On November 21, 1989, defendant was drinking on the Cheyenne River Indian reservation at the home of his cousin, Alma Ruby Bowker. According to Bowker, defendant raped her numerous times from 8:00 p.m. that evening until 4:00 a.m. the following morning. After defendant left Bowker's home, she contacted police and was taken to the Indian Health Service hospital. The physician who examined Bowker observed some bruising on her face and a tear inside her vaginal opening. In a statement given to a BIA investigator shortly after the incident, Bowker described how the defendant had physically restrained and threatened to beat her. Bowker cried uncontrollably during the interview.

Defendant admitted he had intercourse with his cousin and pled guilty to the crime of incest. Section 1153 of Title 18 defines and proscribes the crime of incest within Indian country by reference to the laws of the state in which the offense was committed. South Dakota Codified Laws §§ 22–22–1(6) and 25–1–6 provide that incest is rape in the third degree, a Class 4 felony

which is punishable by a maximum prison sentence of ten years.

The federal Sentencing Guidelines do not contain a specific offense guideline for the crime of incest. Under these circumstances, Guideline § 2X5.1 directs the sentencing court to "apply the most analogous offense guideline." U.S. Sentencing Guideline § 2X5.1 & commentary. In determining which offense guideline was most analogous, defendant stipulated that the court could make factual findings concerning the nature of the crime charged based upon the summaries of the interviews of the defendant and Bowker which had been prepared by the BIA investigator.

After reviewing this evidence, the district court found offense guideline § 2A3.1 for criminal sexual abuse was most analogous to the offense committed by the defendant, because the offense had involved several nonconsensual acts of sexual intercourse. Defendant argues on appeal that the court erred in this determination. Defendant claims offense guideline § 2A3.2 for statutory rape is most analogous to his crime, because in defendant's view his crime involved only a consensual sexual act.

We find the district court properly applied the Guidelines in sentencing the defendant in this case. The Guidelines operate post-conviction as a mechanism for directing the court to the most appropriate sentence within the statutory range applicable to the offense of conviction. *See* 18 U.S.C. § 3553; *United States v. Langley*, 919 F.2d 926, 930 (5th Cir.1990). In determining the most appropriate sentence, numerous sections of the Guidelines direct the court to apply the offense level of the federal offense most analogous to a particular unlawful activity. *See Langley*, 919 F.2d at 930–31 n. 8 (citing Guidelines sections). In determining the most analogous federal offense in this case, the district court looked to the underlying circumstances of defendant's crime, and found as a fact that defendant's offense involved several nonconsensual sexual acts. This finding is not clearly erroneous, *see United*

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

*States v. Walker*, 900 F.2d 1201, 1205 (8th Cir.1990), and supports the court's conclusion that Guideline § 2A3.1 is the most analogous federal offense guideline. *See generally United States v. Marsh*, 894 F.2d 1035, 1041 (9th Cir.1989), *cert. denied*, ── U.S. ──, 110 S.Ct. 1143, 107 L.Ed.2d 1048 (1990). Guideline § 2A3.1 provides for a base offense level of 27 with enhancements if the defendant used force or threatened the victim with serious bodily injury, if the victim was under a certain age or in the custody of the defendant, if the victim sustained serious or life-threatening bodily injury, or if the victim was abducted. *See* Guideline § 2A3.1(b) & commentary. In applying this guideline, the court sentenced defendant to five years imprisonment, a sentence which is within the ten year statutory maximum penalty provided by state law.

## II.

Under these circumstances, Guideline § 2A3.1 was properly selected as an analogous offense guideline for sentencing defendant pursuant to Guideline § 2X5.1. The judgment and sentence of the district court are affirmed.